J. Paul Gignac (State Bar No. 125676)
Kiley L. Grombacher (State Bar No. 245960)
**ARIAS OZZELLO & GIGNAC, LLP**
4050 Calle Real, Suite 130
Santa Barbara, CA 93110-3413
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com
kgrombacher@aogllp.com

Michael W. Sobol (State Bar No. 194857)
Barbra L. Williams (State Bar No. 249967)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com
bwilliams@lchb.com

Robert A. Curtis (State Bar No. 203870)
**FOLEY BEZEK BEHLE & CURTIS, LLP**
15 West Carrillo Street
Santa Barbara, CA 93101-8215
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
rcurtis@foleybezek.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALLAN GREENE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation; NEXTEL OF CALIFORNIA, INCORPORATED, a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: CV07-7129-SVW (FMOx)<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1) Violation Of The Federal Communications Act, 47 U.S.C. § 201;<br>2) Declaratory Relief Under The Declaratory Judgment Act, 28 U.S.C. § 2201;<br>3) Breach Of Contract;<br>4) Violation Of California Business And Professions Code § 17200; and<br>5) Violation Of The Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*<br><br>**JURY TRIAL DEMAND** |

Case No. CV07-7129-SVW (FMOx)

## I. INTRODUCTION

All allegations made in this First Amended Complaint are based upon information and belief except those allegations pertaining to Plaintiff, which are based on personal knowledge. Each allegation in this First Amended Complaint either has evidentiary support or, alternatively, pursuant to Rules 8(e)(2) and 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## II. NATURE OF THE ACTION

1. This is an action to enjoin ongoing unfair business practices and to recover monetary restitution and damages arising out of Defendants' practice of assessing customers with an early termination fee when they terminate service due to a change in terms of text message pricing. This wrongful conduct predictably involves small amounts of damages, and Defendants are attempting to carry out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money. Therefore, Plaintiff brings this action in his own right, on behalf of a nationwide class of all others similarly situated, and on behalf of a California state Subclass of all others similarly situated.

## III. JURISDICTION AND VENUE

2. Jurisdiction in this court is proper under 28 U.S.C. §1331 because Plaintiff seeks relief under the Federal Communications Act, 47 U.S.C. § 201 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

3. Jurisdiction in this court is also proper under 28 U.S.C. § 1332(d)(2) because the representative plaintiff is a California resident while many of the proposed class members are residents of states other than Kansas and Delaware, the states in which Defendants are incorporated. In addition, the total amount in controversy exceeds $5,000,000.

- 1 –

Case No. CV07-7129-SVW (FMOx)
FIRST AMENDED COMPLAINT

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because Defendants transact substantial business within this judicial district, which subjects Defendants to personal jurisdiction in this judicial district. Defendant Nextel of California, Incorporated is registered by the California Secretary of State to conduct business in California and has its principal place of business within California located in Walnut Creek, California. Additionally, a substantial part of the events giving rise to the claims asserted herein took place in the Central District of California.

## IV. PARTIES

5. Plaintiff Allan Greene ("Plaintiff") is and was, at all times relevant to this lawsuit, a California resident who resides in Tarzana, California.

6. Defendant Sprint Nextel Corporation ("Sprint Nextel") is a Kansas corporation doing business in the State of California with its principal place of business located in Overland Park, Kansas. Sprint Nextel serves more than 53 million wireless subscribers and offers wireless service in all fifty states. Sprint Nextel instructs its subsidiaries to have their customers sign a standardized subscriber agreement ("Subscriber Agreement"). The Subscriber Agreement repeatedly references the "Nextel National Network" and states that Sprint Nextel customers receive their wireless services on the "Nextel National Network." In addition, the Subscriber Agreement directs all customers to contact Defendants' customer service representatives through the Internet at www.sprint.com, or over the phone at "1-800-639-6111." In 2006, Sprint Nextel reported net profits of approximately $41 billion and did not itemize the separate profits/losses of Nextel of California Incorporated or any of its other wireless telephone service subsidiaries. Sprint Nextel holds the revenue—including profits from the invalid $150.00 early termination fee— collected from its California customers (and customers throughout the nation) that Plaintiff seeks to have disgorged and returned to Defendants' damaged customers via restitution.

7. Defendant Nextel of California, Incorporated ("Nextel of California") is a Delaware corporation, registered to conduct business in the State of California with its principal place of business located in Walnut Creek, California. Nextel of California is doing business as Nextel Communications.

8. Plaintiff is unaware of the true names, identities and capacities of the defendants sued herein as DOES 1 through 10. Plaintiff will amend this First Amended Complaint to allege the true names and capacities of DOES 1 through 10 when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiff as set forth below.

9. As used herein, the term "Defendants" shall refer to Sprint Nextel, Nextel of California, and DOES 1 through 10, collectively.

10. In this First Amended Complaint, when reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendants.

## V. FACTUAL ALLEGATIONS

11. Plaintiff contracted with Defendants for the provision of cellular telephone services for his personal use.

12. In October 2006, Plaintiff received notice that Defendants were unilaterally increasing the rate charged for text messages from 10 cents per text message to 15 cents per text message.

13. The contract provided to Plaintiff reads "if a change we make to the Agreement is material and has a material adverse effect on you, you may terminate each line of Service materially affected without incurring an Early

Termination Fee only if you: (a) call us within 30 days after the effective date of the change; and (b) specifically advise us that you wish to cancel Services because of a material change to the Agreement that we have made."

14. Based on this provision, Plaintiff called Defendants on or about October 31, 2006 and requested that Defendants cancel his contract without an early termination fee as a result of Defendants' unilateral increase in the rate charged for text messages.

15. Defendants refused Plaintiff's request and when Plaintiff canceled his service on October 31, 2006, Defendants charged Plaintiff with an early termination fee in the amount of one hundred and fifty dollars.

16. In or about August of 2007, Defendants notified their customers that, effective October 1, 2007, Defendants would be unilaterally increasing the rate charged for text messages once again – this time increasing the rate from 15 cents per text message to 20 cents per text message.

## VI.   CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. The class which Plaintiff seeks to represent (the "Class") is defined as follows: all residents of the United States of America who (a) canceled their cellular service within thirty (30) days after the effective date on which Defendants increased the rate charged for sending and receiving text messages from ten cents to fifteen cents per text message or from fifteen cents to twenty cents per text message; and (b) paid an early termination fee.

19. Plaintiff also has identified and seeks to represent a subclass (the "California Subclass") defined as follows: all residents of the State of California who (a) canceled their cellular service within thirty (30) days after the effective date on which Defendants increased the rate charged for sending and

receiving text messages from ten cents to fifteen cents per text message or from fifteen cents to twenty cents per text message; and (b) paid an early termination fee.

20.  This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof. As used herein, "Class members" shall refer to the members of the Class and/or the California Subclass.

21.  While the exact number of Class members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Class and/or the California Subclass is ascertainable based upon the billing records maintained by Defendants. At this time, Plaintiff is informed and believes that the Class members number in the thousands. Therefore, both the Class and the California Subclass are sufficiently numerous that joinder of all Class members in a single action is impracticable under Fed. R. Civ. P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

22.  Common questions of law and fact exist as to the Class members, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual Class members within the meaning of Fed. R. Civ. P. 23(b)(3).

23.  The common questions of fact include, but are not limited to, the following:

    a.  whether Defendants provided each of the Class members with the same contract containing a provision similar or identical to the following: "if a change we make to the Agreement is material and has a material adverse effect on you, you may terminate each line of Service materially affected without incurring an Early Termination Fee only if you: (a) call us within 30 days after the

1  effective date of the change; and (b) specifically advise us that you wish to cancel
2  Services because of a material change to the Agreement that we have made.";
3              b.      whether Defendants assessed early termination charges
4  to each Class member who canceled cellular service within thirty (30) days after
5  the effective date on which Defendants increased the rate charged for sending and
6  receiving text messages from ten cents to fifteen cents per text message or from
7  fifteen to twenty cents per text message;
8              c.      whether Defendants have engaged in an illegal and
9  unfair billing practice;
10             d.      whether Class members have sustained damages as a
11 result of Defendants' illegal and unfair billing practices and, if so, the proper
12 measure and appropriate formula to be applied in determining such damages; and
13             e.      whether Defendants' change in the rate of text message
14 charges is a material change to the Subscriber Agreement and has a material
15 adverse effect on Class members.
16     24.    The questions of law which are common to the members of the
17 Class include, but are not limited to, the following:
18             a.      whether Defendants' change in the rate of text message
19 charges is a material change to the Subscriber Agreement and has a material
20 adverse effect on the Class members;
21             b.      whether Defendants' conduct violates §201(b) of the
22 Federal Communications Act;
23             c.      whether the Class is entitled to the declaratory relief
24 sought herein; and
25             d.      whether Defendants' assessment of an early termination
26 fee constitutes a breach of the class members' contractual agreements with
27 Defendants.
28

25. The questions of law which are common to the members of the California Subclass include, but are not limited to, the following:

    a. whether Defendants' conduct constitutes an unfair, unlawful and/or fraudulent business practice under California Business and Professions Code section 17200, *et seq.*;

    b. whether Defendants' conduct violates §201(b) of the Federal Communications Act;

    c. whether the California Subclass is entitled to the declaratory relief sought herein;

    d. whether Defendants' conduct violates California's Consumers Legal Remedies Act, Civ. Code § 1750, *et seq*;

    e. whether Defendants' conduct constituted a breach of contract; and

    f. whether Defendants' change in the rate of text message charges is a material change to the Subscriber Agreement and has a material adverse effect on the Class members.

26. Plaintiff's claims are typical of the claims of the other Class members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and each of the Class members have been subjected to the same improper practice and have been damaged in the same manner thereby.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class members as required by Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class and the California Subclass, as he has no interests which are adverse to the interests of the Class members. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

28. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Fed. R. Civ. P. 23(b)(3) because:

   a. the expense and burden of individual litigation make it economically unfeasible for Class members to seek redress other than through the procedure of a class action;

   b. if separate actions were brought by individual Class members, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

   c. absent a class action, Defendants will likely retain the benefits of their wrongdoing, and there will be a failure of justice.

29. In the alternative, this action is certifiable under the provisions of Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2) because:

   a. the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

   b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. Defendants have acted or refused to act on grounds generally applicable to the Class and/or the California Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and/or the California Subclass as a whole and necessitating that any such relief be extended to the Class members on a mandatory, class-wide basis.

30. Plaintiff is aware of no difficulty likely to be encountered in the management of this litigation that should preclude its maintenance as a class action.

31. The names and addresses of the Class members are available from Defendants' records. Notice can be provided to the Class members via first class mail or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law. Notice can also be provided to those Class members who are current customers of Defendants by including a notice in the monthly bills sent to Defendants' customers with the minimal cost of such notice to be borne by Defendants.

## FIRST CLAIM FOR RELIEF

### (Violation Of The Federal Communications Act, 47 U.S.C. § 201)

32. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Plaintiff brings this claim for relief on behalf of himself, the members of the Class, and the members of the California Subclass.

34. Defendants are common carriers engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of §201(a) of the Federal Communications Act ("FCA"), 47 U.S.C. § 201.

35. Defendants' practice of assessing customers with an early termination fee when they terminate service due to a change in terms of text message pricing constitutes an unjust and unreasonable charge and practice in connection with communication services and, therefore, violates §201(b) of the FCA.

36.     As a direct and proximate result of Defendants' violation of §201(b) of the FCA, Plaintiff, each member of the Class, and each member of the California Subclass have been damaged in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

## (Declaratory Relief Under The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*)

37.     Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 31, inclusive, as though fully set forth herein.

38.     Plaintiff brings this claim for relief on behalf of himself, the members of the Class, and the members of the California Subclass.

39.     An actual controversy has arisen and now exists between Plaintiff and the Class members, on one hand, and Defendants, on the other hand, concerning their respective rights and duties. Plaintiff and the Class members contend that Defendants are engaging in and continue to engage in an improper billing practice of assessing customers with an early termination fee when they terminate service due to a change in terms of text message pricing. Plaintiff and the Class members also contend that Defendants' change in text message pricing is a material change to the terms of the parties' agreement and has a material adverse effect on Plaintiff and the Class members. Defendants contend that their actions and conduct are lawful and proper and that Defendants' change in text message pricing is not a material change to the terms of the parties' agreement and does not have a material adverse effect on Plaintiff and the Class members.

40.     A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and the Class members may ascertain their rights and duties with respect to Defendants' practice of charging an early termination fee to customers who cancel their cellular service

1   within the 30-day period following Defendants' unilateral change to the price of
2   text messaging.

### THIRD CLAIM FOR RELIEF
### (Breach Of Written Contract)

5         41.    Plaintiff repeats and incorporates herein by reference each and
6   every allegation in paragraphs 1 through 31, inclusive, as though fully set forth
7   herein.

8         42.    Plaintiff brings this claim for relief on behalf of himself, the
9   members of the Class, and the members of the California Subclass.

10         43.    Plaintiff and Defendants entered into a written cellular
11   telephone service contract under which Defendants were to provide Plaintiff with
12   cellular telephone service according to the terms of that agreement.

13         44.    In particular, Plaintiff's contract states, "if a change we make
14   to the Agreement is material and has a material adverse effect on you, you may
15   terminate each line of Service materially affected without incurring an Early
16   Termination Fee only if you: (a) call us within 30 days after the effective date of
17   the change; and (b) specifically advise us that you wish to cancel Services because
18   of a material change to the Agreement that we have made."

19         45.    Plaintiff and each of the Class members are parties to written
20   cellular telephone service agreements with Defendants which are uniform with
21   respect to the provisions applicable to the claims asserted against Defendants.

22         46.    Plaintiff and each of the Class members have performed all
23   conditions, covenants, and promises required to be performed on their part in
24   accordance with the terms and conditions of their cellular telephone service
25   agreements, except to the extent such performance was excused, released or
26   waived by the actions, conduct or agreement of Defendants.

27         47.    Defendants breached their contractual obligations under the
28   cellular telephone service agreements with Plaintiff and each of the Class

ARIAS OZZELLO & GIGNAC LLP

1   members by assessing Plaintiff and each of the Class members with early
2   termination fees when they canceled their cellular service within the 30-day period
3   following Defendants' unilateral change to the price of text messaging.
4       48.     Defendants also breached the implied covenant of good faith
5   and fair dealing in their cellular telephone service agreements with Plaintiff and
6   each of the Class members by assessing Plaintiff and each of the Class members
7   with early termination fees after they canceled their cellular service within the 30-
8   day period following Defendants' unilateral change to the price of text messaging.
9       49.     As a direct and proximate result of Defendants' breach of the
10  cellular telephone service agreements, Plaintiff and each of the Class members
11  have been damaged in an amount according to proof at trial.

## FOURTH CLAIM FOR RELIEF

**(Violation Of California Business And Professions Code § 17200, *et seq*.)**

50.     Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 31, 34 through 36, and 61 through 724, inclusive, as though fully set forth herein.

51.     Plaintiff brings this claim for relief on behalf of himself and the members of the California Subclass.

52.     Defendants have engaged in and continue to engage in an unfair, unlawful and fraudulent business practice of assessing Plaintiff and members of the California Subclass with early termination fees when they cancel their cellular service within the 30-day period following Defendants' unilateral change to the price of text messaging.

53.     By engaging in the above-described practice, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200.

54. The practice of Defendants is fraudulent because it has deceived and is likely to deceive members of the consuming public, including Plaintiff and the members of the California Subclass.

55. Plaintiff and each member of the California Subclass relied upon the representations made by Defendants in their contracts.

56. The practice of Defendants is unlawful because it violates, *inter alia*, §201(b) of the FCA and § 1770(a)(5) and (a)(7) of the CLRA.

57. The practice of Defendants is unfair because, while Defendants' contract specifically states that Defendants will not assess the early termination fee to customers who terminate service after a material change in the parties' agreement that has a material adverse effect on customers, Defendants did charge Plaintiff and members of the California Subclass with an early termination fee after they canceled their service within the 30-day period following Defendants' unilateral change in the rates charged for text messaging. Therefore, Defendants' practice is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and the members of the California Subclass.

58. So as not to be unjustly enriched by their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiff and the other members of the California Subclass all monies wrongfully obtained by Defendants as a result of their unfair, unlawful and fraudulent business practice, together with interest thereon.

59. Unless Defendants are enjoined from continuing to engage in such acts of unfair competition, Plaintiff and the members of the California Subclass will continue to be injured by Defendants' actions and conduct.

# FIFTH CLAIM FOR RELIEF

## (Violation Of The Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.)

60. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

61. Defendants are "persons" as defined by Civil Code § 1761(c).

62. Plaintiff and the members of the California Subclass are "consumers" within the meaning of Civil Code §1761(d).

63. Defendants violated Civil Code § 1770(a)(5) by representing that their cellular service had characteristics it did not actually have. Specifically, Defendants represented that they would not assess the early termination fee to consumers who terminated service after a material change in the parties' agreement that had a material adverse effect on consumers. Despite Defendants' representation, Defendants charged an early termination fee to consumers who canceled their cellular service within the 30-day period following Defendants' unilateral change to the price of text messaging.

64. Defendants violated Civil Code § 1770(a)(7) by falsely representing that Defendants will not assess an early termination fee to consumers who terminate their service after a material change in the parties' agreement that has a material adverse effect on consumers. Despite Defendants' representation, Defendants charged an early termination fee to consumers who canceled their cellular service within the 30-day period following Defendants' unilateral change to the price of text messaging.

65. Defendants failed to disclose material facts to their customers, including the fact that their customers would be charged an early termination fee if they canceled service in response to a rate increase for sending and receiving text messages.

66.  Defendants' practice was a material fact that a reasonable person would have considered important in deciding whether or not to purchase Defendants' service.

67.  Defendants violated Civil Code § 1770(a)(19) by inserting unconscionable provisions in their Subscriber Agreement contracts, including clauses that purport to force consumers to: (1) settle all disputes only by arbitration; and (2) "waive any right to pursue disputes on a classwide basis," either to "join a claim with the claim of any other person or entity, or assert a claim in a representative capacity on behalf of anyone else in any lawsuit, arbitration or other proceeding."

68.  Unless Defendants are enjoined from continuing to engage in violations of the CLRA, Plaintiff and the members of the California Subclass will continue to be injured by Defendants' actions and conduct.

69.  Pursuant to Civil Code § 1782(a) and (d) of the CLRA, on December 19, 2007, Plaintiff, by his counsel, notified Defendants in writing by certified mail, return receipt requested, of Defendants' particular violations of the CLRA, as alleged herein, and demanded that Defendants correct said violations. A true and correct copy of the CLRA Notice and Demand letter to Defendants is attached hereto as Exhibit "A".  Service of the CLRA Notice and Demand letter was accepted by Defendants' counsel pursuant to an agreement with Plaintiff's counsel.  A true and correct copy of the letter memorializing this agreement is attached hereto as Exhibit "B".

70.  More than thirty days have passed since Defendants' counsel received Plaintiff's CLRA Notice and Demand letter on December 19, 2007. However, Defendants have not responded to the CLRA Notice and Demand letter.

71.  As a direct and proximate result of Defendants' violations of the CLRA, Plaintiff and the other members of the California Subclass have been damaged in an amount according to proof at trial.

72. So as not to be unjustly enriched by their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiff and the other members of the California Subclass all monies wrongfully obtained by Defendants as a result of its violations of the CLRA, together with interest thereon.

73. In violating the CLRA, Defendants have acted in a willful, wanton and malicious manner, in callous, conscious and intentional disregard for the interests of Plaintiff and the other members of the California Subclass, and with knowledge that their conduct is substantially likely to vex, annoy and injure Plaintiff and the other members of the California Subclass. As a result, Plaintiff and the other members of the California Subclass are entitled to recover punitive and exemplary damages against Defendants, pursuant to Civil Code § 3294, in an amount according to proof at trial.

74. In addition, pursuant to Civil Code §1780(d), Plaintiff and other members of the California Subclass are entitled to recover reasonable attorneys' fees and costs incurred by Plaintiff in connection with the commencement and prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**On The First Claim For Relief:**

75. For compensatory damages in an amount according to proof at trial;

76. For prejudgment interest commencing on the date of payment of the improper early termination fees and continuing through the date of entry of judgment in this action; and

77. For reasonable attorneys' fees pursuant to 47 U.S.C. §206.

**On The Second Claim For Relief:**

78.    That this Court declare that Defendants' practice of assessing Plaintiff and Class members with early termination fees after Plaintiff and Class members canceled their service within the 30-day period following Defendants' unilateral change in the rate Defendants charged for text messages is unjust, unreasonable and unlawful and that Defendants' 33% or 50% increase in the rate charged for text messages is a material change to the parties' agreement and has a material adverse effect on Plaintiff and Class members.

**On The Third Claim For Relief:**

79.    For compensatory damages in an amount according to proof at trial; and

80.    For prejudgment interest commencing on the date of payment of the improper early termination fees and continuing through the date of entry of judgment in this action

**On The Fourth Claim For Relief:**

81.    For disgorgement and restitution to Plaintiff and the members of the California Subclass of all monies wrongfully obtained and retained by Defendants; and

82.    For prejudgment interest commencing on the date of payment of the improper early termination fees and continuing through the date of entry of judgment in this action.

**On The Fifth Claim For Relief:**

83.    For an order enjoining Defendants from assessing Plaintiff and members of the California Subclass with early termination fees after they canceled their cellular service within the 30-day period following Defendants' unilateral change in the rate Defendants charges for text messages.

1    84.  For disgorgement and restitution to Plaintiff and to members of
2  the California Subclass of all monies wrongfully obtained and retained by
3  Defendant;
4    85.  For compensatory damages in an amount to according to proof
5  at trial;
6    86.  For prejudgment interest commencing on the date of payment
7  of the improper early termination fees and continuing through the date of entry of
8  judgment in this action;
9    87.  For punitive and exemplary damages in an amount according
10 to proof at trial; and
11   88.  For the reasonable attorneys' fees and expenses incurred by
12 Plaintiff in connection with the commencement and prosecution of this action
13 pursuant to Civil Code § 1780(d).

**On All Claims For Relief:**

15   89.  For all attorneys' fees, expenses and recoverable costs
16 reasonably incurred in connection with the commencement and prosecution of this
17 action, provided that this action results in a common fund for the benefit of the
18 Class members and/or confers a substantial benefit on the Class members; and
19   90.  For such other and further relief as the Court deems just and
20 proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: February 14, 2008
By: /s/
J. Paul Gignac (SBN 125676)
Kiley L. Grombacher (SBN 245960)
ARIAS OZZELLO & GIGNAC LLP
4050 Calle Real, Suite 130
Santa Barbara, CA  93110
Telephone:  (805) 683-7400
Facsimile:   (805) 683-7401
j.paul@aogllp.com
kgrombacher@aogllp.com

Michael W. Sobol (SBN 194857)
Barbra L. Williams (SBN 249967)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
msobol@lchb.com
bwilliams@lchb.com

Robert A. Curtis (SBN 203870)
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, CA  93101-8215
Telephone:  (805) 962-9495
Facsimile:   (805) 962-0722
rcurtis@foleybezek.com

*Attorneys for Plaintiff*